JENNINGS et al. v. POLLARD. (No. 2058.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 9, 1919.)

1. JUDGMENT ☞255—CONFORMITY TO PROOF—ADMISSION OF CREDITS—EFFECT.

Where plaintiff, suing for a balance due of $298.46, admitted in testifying that defendants were entitled to credits aggregating $130.35, he was not entitled to recover any sum in excess of $168.11.

2. APPEAL AND ERROR ☞1177(1)—DISPOSITION—ACTION FOR BALANCE DUE—REVERSAL FOR NEW TRIAL.

Where plaintiff, suing for balance due of $298.46, by his own admissions in testifying is not entitled to recover over $168.11, and it also appears that very probably he is not entitled to recover in excess of $22.20, instead of reforming judgment for plaintiff for $200, the case will be reversed for new trial.

3. EVIDENCE ☞586(2)—RECOVERY ON CASE MADE BY DEFENDANTS.

Plaintiff suing for balance due was not entitled to recover on testimony disproving defendants' case as made by their pleadings, but must have recovered on testimony proving case made on his own pleadings.

Appeal from Red River County Court; George Morrison, Judge.

Action by S. R. Pollard against Thos. P. Jennings and others. From a judgment for plaintiff, defendants appeal. Reversed, and cause remanded for new trial.

In his petition appellee (plaintiff below) alleged: That at various times he specified he sold appellants railroad ties and wood for which they promised to pay him sums aggregating $1,349.69. That of said aggregate sum appellants had paid him $1,122.47, as follows: In money, $370; in merchandise $712.47; and by canceling a promissory note they held against him, $40. That to the difference in his favor of $227.22 between the amount of his account against appellants and the amount of the credits they were entitled to should be added $71.24, which, he alleged, was the amount of a discount appellants agreed to allow him on the prices charged for the merchandise they sold him—

making a total of $298.46, which, he alleged, he was entitled to recover of appellants.

Appellants answered, denying that they were indebted to appellee in any sum, and alleging that on a correct statement of the account between them appellee, instead, was indebted to them in the sum of $2.55, and also in the amount, less a credit of 40 cents it was entitled to, of the promissory note mentioned in appellee's petition. They attached to their answer an itemized statement of the account between them and appellee showing a balance in their favor of said sum of $2.55, for which, as well as for the amount of the note referred to, they asked judgment.

In a supplemental petition, appellee denied liability for items aggregating $130.35 charged against him in appellants' account, but testifying as a witness admitted that the items were just charges against him, and that they were not included in the account he sued upon. In his said supplemental petition, appellee also denied liability for other items, aggregating $145.91, charged against him in appellants' said account. Testifying as a witness, appellant Tom Jennings affirmed the correctness of those items, and, it seems, produced and exhibited to the court orders in writing signed by appellee for each and every one of them. After said Jennings so testified, appellee testified further as a witness in his own behalf and did not controvert the testimony of Jennings in the respect stated, nor did he deny giving the orders produced by Jennings. The appeal is from a judgment in appellee's favor against appellants for $200.

Moore & Hardison, of Paris, for appellants.

R. H. Jones, of De Kalb, and Mahaffey, Keeney & Dalby, of Texarkana, for appellee.

WILLSON, C. J. (after stating the facts as above). [1,2] When the case made by appellee's pleadings and the testimony is kept in mind, we think it is clear that the judgment is wrong. The balance appellee claimed to be due him on the account he sued on was $298.46. Testifying as a witness, he admitted, as appears from the statement above, that appellants were entitled to credits aggregating $130.35 which he had not allowed in stating said account. It is plain, therefore, that appellee was not entitled to recover a sum in excess of $168.11—the difference between the sum he sued for and the amount of credits he acknowledged appellants were entitled to but had not received in his account against them. It may be that the judgment should be so reformed as to adjudge a recovery in appellee's favor for said sum of $168.11, and that as so reformed it should be affirmed; but we have concluded not to pursue that course, because of the fact that it appears very probable from the record that appellee is not entitled to recover of appellants a sum in excess of $22.20. The testimony of Jennings, referred to in the statement above, indicates this we think. If the orders he exhibited (but which were not offered and admitted in evidence, it seems) were in fact given by appellee, as Jennings testified and appellee did not deny they were, the account appellee sued upon should have been further credited with the amount of said orders, to wit, the sum of $145.91, which would have left a balance of only $22.20 in appellee's favor.

[3] Appellee asserts that there was testimony which would have supported a finding that the balance on the account appellants sued on, instead of being in their favor for $2.55, was in his favor for more than $200. Therefore, he argues, the judgment in his favor was not unwarranted. But we think he was not entitled to recover on testimony disproving the case made by appellants' pleadings, but must have recovered on testimony proving the case made by his own pleadings.

The judgment is reversed, and the cause is remanded for a new trial.